

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

August 16, 2024

**BY ECF**

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      Earlier today, the Court granted defendant James Peraire-Bueno's ("James") application for a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), in light of a potential conflict of interest that could arise from defendant Anton Peraire-Bueno ("Anton") contributing to the retainer that was paid to James's counsel at Williams & Connolly LLP. (*See* Dkt. 34, 35). The Court further directed the Government to provide the Court with proposed questions for the hearing. Those questions are attached at Appendix A to this letter.

                                   Respectfully submitted,

                                     DAMIAN WILLIAMS
                                   United States Attorney

                by:  /s/_____
                     Danielle Kudla
                     Rushmi Bhaskaran
                     Assistant United States Attorneys
                     (212) 637-2304 / 2439

cc: Defense Counsel (by ECF)

**Appendix A: Proposed *Curcio* Examination**
*United States v. James Peraire-Bueno,* 24 Cr. 293 (JGLC)

I. <u>Competency Questions</u>

- *The Government respectfully requests that the Court conduct an inquiry at the outset of the* Curcio *proceeding to establish the defendant's competency.*

II. <u>Circumstances of Representation</u>

- Are you currently represented by Katherine Trefz and Daniel Shanahan of Williams & Connolly LLP? I'm going to refer to those lawyers as "Williams & Connolly."

- Are you also represented by Jonathan Bach of Shapiro Arato Bach?

- Approximately how long has Williams & Connolly represented you?

- Have you been satisfied with Williams & Connolly's and Mr. Bach's representation to date?

- Do you wish to continue to be represented by Williams & Connolly and Mr. Bach?

- Have you personally paid Williams & Connolly and Mr. Bach for their services in this case?

- Do you know if anyone else has paid Williams & Connolly or Mr. Bach for their services in representing you?

- What is your understanding of that arrangement?

III. <u>Right to Conflict-Free Representation</u>

- Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

- Is your choice to be represented by Williams & Connolly a choice you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

- Do you understand that whenever someone other than the defendant is paying lawyers who are representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyers' judgment may be influenced by the wishes of whoever is paying their bills, or what

      the lawyers think are the wishes of whoever is paying their bills, rather than the wishes of the defendant?

- So it is possible, in this case, that your counsel at Williams & Connolly may be influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, the people who are paying their bills. Those wishes may be different from yours. Do you understand that?

- Do you understand that this situation—that is, having Williams & Connolly paid by someone other than you—creates a risk to you that your lawyers may not be acting solely in your interests?

- Do you understand that particularly in this case—when Williams & Connolly is being paid by funds provided by your co-defendant—this creates a heightened risk that your lawyers may not be acting solely in our interests?

- For example, the payment of fees through funds provided by your co-defendant could influence Williams & Connolly to recommend that you avoid taking a step that would be contrary to your co-defendant's interest. Do you understand that?

IV. <u>Defendant's Understanding of the Conflict</u>

- Do you understand that you have the right to object to continued representation by Williams & Connolly based on the existence of a pretrial conflict of interest?

- It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with Williams & Connolly. Do you understand that?

- Do you understand that it is the view of this Court that there are risks in proceeding with an attorney who has a potential conflict of interest of this kind?

- Do you agree that if the Court permits you to proceed with Williams & Connolly, in the event you are convicted, you will not be permitted to make any argument, on appeal or otherwise, based on the representation by Williams & Connolly and the potential conflict we have discussed? Do you agree to waive, and give up, any argument of that kind?

- To make sure you have understood what we have been discussing, please describe in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

- Do you understand that you have a right to consult with a lawyer other than

- Williams & Connolly to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so? [or: I understand that you have consulted with a lawyer other than Williams & Connolly to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?]

- Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you? [if needed]

- Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue? [if needed]

- Is there anything that you wish to have explained further?

- The Court will give you an opportunity to think about what you have been told, whether or not you would like to speak with separate counsel about it. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about. Then the Court will ask whether you wish to continue being represented by Williams & Connolly.

- Would you like court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues? [if needed]

- Would you prefer to adjourn today's proceeding until you can give more thought to this matter?

V. Continuation of the *Curcio* Hearing

- After considering all that the Court has said about the ways in which having third parties and, in particular, your co-defendant, paying your legal fees may adversely affect your defense, do you believe that it is in your best interest to continue being represented by Williams & Connolly?

- Is that your wish?

- Is there anything that the Court has said that you wish to have explained further?

- Do you understand that by choosing to continue being represented by Williams & Connolly, you are waiving your right to be represented by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party pay your legal fees you were denied effective assistance of counsel?