LAW OFFICES
## WILLIAMS & CONNOLLY LLP

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 2, 2025

<u>VIA ECF</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

      Re:    *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) — Letter Motion to Hold Defendants' Expert Disclosure Deadline in Abeyance or to Set an Expedited Briefing Schedule

Dear Judge Clarke:

      We represent the Defendants in this matter, James and Anton Peraire-Bueno. Today, we filed a Joint Motion to Compel Expert Disclosures ("Motion to Compel"), seeking an order compelling the government to fulfill its expert disclosure obligations under Federal Rule of Criminal Procedure 16(a)(1)(G) and the Court's Scheduling Order (ECF 46). We respectfully submit this letter motion seeking immediate, interim relief while the Motion to Compel is being briefed.

      First, the Peraire-Buenos respectfully request that the Court hold their July 18, 2025 expert disclosure deadline in abeyance pending the disposition of the Motion to Compel (except with respect to the topics of cryptocurrency tracing and device extraction). If this request is granted, the Peraire-Buenos believe that briefing on the Motion to Compel can proceed according to the default timeline under the Court's local rules.

      Second, in the alternative, if the Court does not hold the July 18 deadline in abeyance, the Peraire-Buenos respectfully request that the Court set an expedited briefing schedule on the Motion to Compel such that it can be resolved—and any compelled disclosures served—sufficiently in advance of the July 18 deadline that the Peraire-Buenos may make responsive disclosures on July 18. The Peraire-Buenos defer to the Court on the time for the government to respond. As explained in the Motion to Compel, the Peraire-Buenos have filed this motion as quickly as practicable, within 5 calendar days after the Friday, June 27 disclosures. Expedited treatment is warranted due to the potential impact on the pretrial schedule and the prejudice to the Peraire-Buenos should the July 18 defense expert witness deadline remain in effect. We understand that the government seeks a regular briefing schedule.

WILLIAMS & CONNOLLY LLP
The Honorable Jessica G. L. Clarke
July 2, 2025
Page 2

   The requested interim relief is warranted for the reasons set forth more fully in Section II of the Motion to avoid prejudice to the Peraire-Buenos. In brief, the requested relief is warranted for the following reasons:

- The Court set staggered expert disclosure deadlines, as contemplated by Rule 16(b)(1)(C). ECF 46. Pursuant to that schedule, the government's affirmative disclosures were due on June 27, 2025, the Peraire-Buenos' responsive disclosures are due on July 18, 2025, and the government's rebuttal disclosures, if any, are due on August 1, 2025. *Id.*

- The government's notice included *no expert disclosures* that would describe any testimony regarding core technological issues in the case, including: (1) how the various computer programs alleged in the Indictment were designed to function, (2) how the various computer programs operated in the transactions at issue, (3) the roles, rights, and obligations of the various participants in the trading environment, (4) the (disputed) explication of the software the government described at length in oral argument on June 17, or (5) any other expectations, norms, or protocols the Peraire-Buenos allegedly violated. Instead, the government identified that it expects to elicit "percipient witness" testimony from three witnesses with specialized technical skills (and unidentified "others"), which presumably would cover those topics. For the reasons set forth in the Motion to Compel, this approach violates Federal Rule of Criminal Procedure 16(a)(1)(G).

- Interim relief is necessary because the government's failure to honor its disclosure obligations effectively undoes the staggered expert disclosure deadlines provided by Rule 16 and the Court's Scheduling Order. It does so by making it impossible for the Peraire-Buenos to make responsive expert disclosures as Rule 16 contemplates. Moreover, the government's lack of disclosures on core technical issues in the case puts the Peraire-Buenos in the untenable position of needing to choose whether to be the first to disclose expert testimony on these issues even though they neither have notice of the government's theories or their bases nor the burden of proof.

   We appreciate the Court's attention to this matter. We further recognize that we are making this request for interim relief on the eve of a holiday weekend. We have moved as expeditiously as possible to raise our objections to the government's disclosures with government counsel and have conferred in good faith but have been unable to reach agreement. We thus file this request mindful and respectful of the Court's attention and the demands of the pretrial schedule.

By: */s/ Katherine Trefz*
Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024

WILLIAMS & CONNOLLY LLP
The Honorable Jessica G. L. Clarke
July 2, 2025
Page 3

Tel: (202) 434-5000
ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant*
*James Peraire-Bueno*

By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*