IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>ANTON PERAIRE-BUENO, and JAMES PERAIRE-BUENO,<br><br>      Defendants. | Case No.: 1:24-cr-00293-JGLC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY**

i

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................1

ARGUMENT ......................................................................................................................2

I.  The Court Should Exclude Undisclosed Expert Testimony from Law Enforcement
    or Financial Crime Specialist Witnesses..............................................................3

II. The Court Should Exclude Undisclosed Expert Testimony on Technical Topics that
    the Peraire-Buenos Have Previously Identified. ..................................................5

CONCLUSION ...................................................................................................................6

Defendants James and Anton Peraire-Bueno respectfully move pursuant to Federal Rule of Criminal Procedure 16(d)(2) for an order excluding at trial undisclosed expert testimony from the government's witnesses.  On the June 27, 2025 deadline for the government's case-in-chief expert disclosures, the government noticed opinions from only one expert limited to the issue of cryptocurrency transaction tracing.  Through those disclosures and positions taken before this Court in subsequent litigation over their sufficiency, the government has affirmatively waived the opportunity to offer any other testimony that falls under Federal Rule of Evidence 702 in its case-in-chief.  The Court should enter an order enforcing that waiver by excluding any undisclosed expert testimony.

## BACKGROUND

Because the parties recently litigated issues concerning the government's case-in-chief expert disclosures (and lack thereof), the Peraire-Buenos refer the Court to their description of the factual and procedural history in the prior briefing rather than recount it here.  *See* ECF 103 at 2-8.  A few additional points are relevant to the Court's consideration of this motion.

First, the government's case-in-chief expert disclosures did not include any expert testimony for case agents or other law enforcement witnesses.[1]  The government's June 27 disclosures included the likely testimony of Chris Hoffmeister, a former member of law enforcement and current cryptography and financial crimes specialist at a private company, on topics limited to issues of cryptocurrency transaction tracing.  *See* ECF 111-1 (under seal).

---

[1] The government's witness list also includes IRS-CI Computer Investigative Specialists Bobarykin and Monahan, whom the government has disclosed will offer limited testimony regarding the extraction of electronic data from devices purportedly belonging the Peraire-Buenos. ECF 104-1 at 2.  These witnesses' potential testimony is not subject to this motion.

1

Second, the Court's August 6 Order accepted the government's representation that none of the testimony the government will offer through the three witnesses subject to the Peraire-Buenos' Motion to Compel Expert Disclosures will qualify as expert under Federal Rule of Evidence 702. *See* ECF 119.[2]  The government therefore has committed to proving its case through lay witness testimony (except for the tracing analysis), forgoing the opportunity to present expert testimony under Rule 702 from these three witnesses or any other witnesses.  This lay-witness-only approach comes with an immediate strategic advantage for the government—unless the Court orders otherwise, the Peraire-Buenos will *never* receive Rule 16(a)(1)(G) disclosures for these witnesses.  And the Peraire-Buenos will not receive interview memoranda for these or any other witnesses until September 16, 2025.  ECF 44 at 2.

## ARGUMENT

Federal Rule of Criminal Procedure 16 requires, upon the defendant's request, that the government disclose in writing certain information "for *any testimony* that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief."  Fed. R. Crim. P. 16(a)(1)(G)(i) (emphasis added).  The disclosure must contain, "for each expert witness," among other things, "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief" and "the bases and reasons for them."  Fed. R. Crim. P. 16(a)(1)(G)(iii).  To address non-compliance with the rule, the Court may enter "any . . . order that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2).  That power includes the authority

---

[2] The government has also represented that it has not identified other witnesses it intends to call who could provide similarly technical testimony while reserving the right to identify "any such likely witnesses" at any time before trial.  *See* ECF 111 at 3 n.2.  In the month since making this representation, the government has disclosed no further technical witnesses, and its preliminary witness list includes no such witnesses.

2

to exclude undisclosed or inadequately disclosed expert testimony. *See, e.g.*, *United States v. Ulbricht*, 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015), *aff'd*, 858 F.3d 71 (2d Cir. 2017).

I. **The Court Should Exclude Undisclosed Expert Testimony from Law Enforcement or Financial Crime Specialist Witnesses.**

There is a robust body of caselaw governing when law enforcement agent testimony qualifies as expert testimony under Rule 702. Generally, a case agent—even one who is a percipient witness to the events of the case or a subsequent investigation into them—testifies as an expert when he or she draws on expertise honed through other investigations, experience, or training to formulate and explain his or her opinion. *See United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005) (rejecting argument that opinions were lay "as long as the opinion was 'reached in the course of his investigation' and 'based on their investigative work,'" and finding that testimony that "drug dealers generally used code words when referring to their illicit transactions" was expert); *see also United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013) (testimony by officer about his search of a defendant's car was expert, not lay, where it was "based on knowledge that [he] acquired inspecting other cars at the border").

The government disclosed no expert testimony for its case agent or any other law enforcement witnesses. In a pre-filing conferral, the government confirmed that it would not be offering any opinions through its case agents about the substance of the case. The Court therefore should enter an order confirming that the government is precluded from offering testimony that is based in any way on a witness's law enforcement expertise, experience, or training that is beyond the ken of the average juror. *See, e.g.*, *United States v. Cabrera*, 13 F.4th 140, 149 (2d Cir. 2021) (If the "opinion rests in *any way* upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." (emphasis added)). By

3

way of just a few examples, the following testimony from a law enforcement witness would be expert and should be excluded:

- The opinion that the steps the Peraire-Buenos allegedly took before the alleged Exploit to fund the validators were consistent with, or indicative of, an intent to avoid detection or were otherwise outside the norm on Ethereum and thus consistent with criminal activity.

- The opinion that the movement of funds after the alleged Exploit was consistent with, or indicative of, an intent to obscure the funds' source in a manner consistent with criminal activity.

- The opinion that the Peraire-Buenos' use of pseudonyms or effort to maintain anonymity was consistent with, or indicative of, an intent to avoid detection consistent with criminal activity.

- The opinion that the alleged Exploit violated the purported rules, norms, or expectations that exist on either Ethereum or among users of MEV-Boost.

- The opinion that the alleged Exploit had a deleterious effect on Ethereum, MEV-Boost, or their users.

- The opinion that the alleged Exploit was like "hacking" or other crimes occurring on cryptocurrency networks.

The order should also apply to Mr. Hoffmeister's likely testimony. Mr. Hoffmeister's prior law enforcement experience and current employment as a cryptocurrency and financial crimes specialist likely provides similar expertise that would make the above opinions expert if elicited

4

through him. The disclosure for Mr. Hoffmeister does not disclose the above opinions. *See* ECF 111-1 (under seal).[3] Accordingly, he may not offer them.

## II. The Court Should Exclude Undisclosed Expert Testimony on Technical Topics that the Peraire-Buenos Have Previously Identified.

The Peraire-Buenos reincorporate here their position that significant portions of the testimony the government is likely to seek to elicit through its three technical witnesses—referred to as Nonparty-1, CW-1, and the Flashbots Representative in the prior pleadings—will constitute expert testimony under Rule 702 regardless of their degree of percipience to aspects of the case. *See generally* ECF 103, 113. Where the line between Rule 701 and 702 falls is often fact-bound and will be litigated at trial on a witness-by-witness and topic-by-topic basis. At a minimum, however, the Peraire-Buenos submit that the testimony identified at pages 18-19 of their Reply falls on the expert side of the line. ECF 113 at 18-19.[4] Even under the government's broad view of Rule 701, much of the testimony identified there would plainly reach beyond the witnesses' personal knowledge, experiences, and observations as related to this case.

Moreover, to the extent the government intends to elicit lay opinion testimony on any topic, it must lay the foundation that the testimony is based on the witness's perception. *See United States v. Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) ("[A] witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury."); *see also, e.g.*, *Francois v. Gen. Health Sys.*, 459 F. Supp. 3d 710, 725 (M.D. La. 2020) ("Before

---

[3] The disclosure for that Mr. Hoffmeister indicated that he will opine only that certain steps the Peraire-Buenos allegedly took during the Exploit were not necessary, which does capture these opinions. This opinion stops short of the categories of opinions that the Peraire-Buenos are moving to exclude.

[4] The Peraire-Buenos note they may request the opportunity to supplement this motion after the Court provides the reasons for denying their Motion to Compel Expert Disclosures. *See* ECF 119.

5

the witness is allowed to give lay opinion testimony, a foundation must be laid which demonstrates that the factual basis upon which the opinion is given is rationally based on the witness's perception and absent that foundation, the opinion is inadmissible.").

An order excluding the above testimony is warranted under Rule 16(d)(2) given the government's knowing waiver of the opportunity to elicit Rule 702 testimony in its case-in-chief. "Lawyers and clients make tactical decisions," including by withholding or delaying expert disclosures. *Ulbricht*, 2015 WL 413318, at *1. "The Court cannot always understand why certain decisions are made, nor need it. But when tactical decisions run contrary to established rules and case law, the Court's duty is clear. The Court is duty-bound to apply the law as it exists, not as any party wishes it to be." *Id.* (excluding belatedly and inadequately disclosed expert testimony when the record reflected that the defendant made a strategic choice to delay disclosure). "Proper expert disclosures are not a mere technicality with which compliance may be made or not—they are required by Rule 16 of the Federal Rules of Criminal Procedure." *Id.* The Court should enter an order excluding undisclosed expert testimony in this case.

## CONCLUSION

For the foregoing reasons, the Court should exclude at trial all undisclosed expert testimony from the government's witnesses.

Date: August 22, 2025

By: */s/ Katherine Trefz*

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)
Patrick J. Looby (*pro hac vice*)
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000

Respectfully submitted,

By: */s/ Daniel N. Marx*

Daniel N. Marx
William W. Fick (*pro hac vice*)
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel: 857-321-8360
dmarx@fickmarx.com

ktrefz@wc.com
dshanahan@wc.com
plooby@wc.com

Jonathan P. Bach
Shapiro Arato Bach
1140 Avenue of the Americas
17th Floor
New York, NY 10036
Tel: 212-257-4897
jbach@shapiroarato.com

*Counsel for Defendant*
*James Peraire-Bueno*

wfick@fickmarx.com

*Counsel for Defendant*
*Anton Peraire-Bueno*

7

## CERTIFICATE OF SERVICE

   I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter who are on the CM/ECF system.

                  */s/ Katherine Trefz*
                  Katherine Trefz