LAW OFFICES
# WILLIAMS & CONNOLLY LLP®

KATHERINE A. TREFZ
(202) 434-5038
ktrefz@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 22, 2025

VIA ECF

The Honorable Jessica G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11B
New York, NY 10007

> Re: *United States v. Anton Peraire-Bueno, et al.*, 24 Cr. 293 (JGLC) — Letter Motion for Leave to File Exhibits to Motions in Limine Under Seal

Dear Judge Clarke:

We represent the Defendants in this matter, Anton Peraire-Bueno and James Peraire-Bueno. Pursuant to your Honor's Individual Rules in Criminal Cases 8(e), we respectfully request leave to file Exhibits 2 and 8 to Defendants' motions in limine under seal. As explained in further detail below, the Protective Order (ECF 25) entered by the Court requires that Defendants file Exhibit 2 under seal, and good cause exists to file Exhibit 8 under seal.

In accordance with Rule 8(e)(i), Defendants have filed single-page placeholders marked "Filed Under Seal" in place of the exhibits that they seek leave to file under seal. Defendants have also provided chambers via email with copies of Exhibit 2 and Exhibit 8.

### I. Relevant Background

On May 24, 2024, this Court entered an agreed Protective Order, which set forth rules and procedures for the use of four categories of protected information: Disclosure Material, Sealed Material, Attorney's Possession Only Material, and Attorney's Eyes Only Material. Sealed Material "contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity." ECF 25 at 2.

When a party designates certain documents or material as Sealed Material and they are "pertinent to any motion before the Court," those documents "should initially be filed under seal, absent consent of the Government or Order of the Court." *Id.* at 3. Exhibit 2 is a letter from

WILLIAMS & CONNOLLY LLP
The Honorable Jessica G. L. Clarke
August 22, 2025
Page 2

Nonparty-1's counsel to defense counsel that Nonparty-1 designated as Sealed Material. Exhibit 8 contains excerpts of Defendants' privilege log entries that relate to certain Google searches that Defendants are moving to exclude.

## II.     Legal Standard

A three-step process governs the Court's sealing analysis. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "[A] judicial document is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Exhibits 2 and 8 are relevant and useful to the Court's determination of Defendants' motions in limine.

As such, the Court must then "determine the weight of the presumption of access to that document" and it then "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* "If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure." *Id.*

## III.    Argument

Because Nonparty-1 has designated Exhibit 2 as Sealed Material, the Protective Order requires Defendants to seek leave to file the exhibit under seal. In so doing, Defendants do not concede that Nonparty-1 properly designated this or other material as Sealed Material and reserve the right to challenge that designation in the future. Indeed, the letter contains no material that could justify sealing. Likewise, Defendants take no position as to whether the factors that counsel against disclosure of these documents and information outweigh the presumption of public access.

Exhibit 8 includes the names and email addresses of several private individuals who have not been identified as potential witnesses in this case, as well as the name of one individual that the government has designated as confidential and referred to as CW-1 in public filings. *See* ECF 111 at 4. Under the same reasoning, the Court should permit the sealing of this exhibit (or, alternatively, redaction of the to/from columns).

## IV.     Conclusion

Defendants respectfully request that the Court permit them to file Exhibits 2 and 8 under seal.

By: */s/ Katherine Trefz*

Katherine Trefz (*pro hac vice*)
Daniel Shanahan (*pro hac vice*)

WILLIAMS & CONNOLLY LLP
The Honorable Jessica G. L. Clarke
August 22, 2025
Page 3

        Patrick J. Looby (*pro hac vice*)
        Williams & Connolly LLP
        680 Maine Avenue SW
        Washington, DC 20024
        Tel: (202) 434-5000
        ktrefz@wc.com
        dshanahan@wc.com
        plooby@wc.com

        Jonathan P. Bach
        Shapiro Arato Bach
        1140 Avenue of the Americas
        17th Floor
        New York, NY 10036
        Tel: 212-257-4897
        jbach@shapiroarato.com

        *Counsel for Defendant*
        *James Peraire-Bueno*

        By: */s/ Daniel N. Marx*

        Daniel N. Marx
        William W. Fick (*pro hac vice*)
        Fick & Marx LLP
        24 Federal Street, 4th Floor
        Boston, MA 02110
        Tel: 857-321-8360
        dmarx@fickmarx.com
        wfick@fickmarx.com

        *Counsel for Defendant*
        *Anton Peraire-Bueno*