

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 28, 2025

BY ECF
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Anton Peraire-Bueno, et al.*, S1 24 Cr. 293 (JGLC)

Dear Judge Clarke:

      The Government respectfully writes in opposition to the submission of an *amicus curiae* brief by an unidentified "prominent policy organization in the cryptocurrency space" that would like to be heard on the "ramifications" of the Government's "honest validator theory" in the context of the defendants' anticipated Rule 29 argument. Specifically, defense counsel proffered today that: "The second thing is that we have heard from a prominent policy organization in the cryptocurrency space who would be interested in being heard on the government's honest validator theory in connection with Rule 29 and the charge conference . . . . They're concerned about the ramifications that this theory would have on the industry, and users of internet technology more generally." An *amicus* brief of this type—*i.e.*, a brief that appears to be directed at a policy argument regarding the role of validators in the industry, rather than the governing Rule 29 standard—is inappropriate, unhelpful to the Court, and an invitation for nullification. The Court should exercise its discretion in disallowing such an appeal from a third party. *See In re:* Terrorist Attacks on September 11, 2021, No. 01-cv-10132 (GBD), 2022 WL 17326182, at *1 (S.D.N.Y. Nov. 29, 2022) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)) (decision to grant leave to file brief as *amicus curiae* is in firm discretion of the court).

      First, the contemplated *amicus* brief appears to have no bearing on a Rule 29 motion, which relates to the sufficiency of the evidence that has been put to the jury. Rule 29 allows a district court, upon a defendant's motion, to set aside the verdict and enter a judgment of acquittal. A court evaluating a Rule 29 motion must review the evidence presented at trial "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999) (quotation marks omitted). "A judgment of acquittal is warranted only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013) (quotation marks omitted). The burden is on the defendant to make this showing, and the Second Circuit has

repeatedly described that burden as "very heavy."  *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002); *see also United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010) (same).

The "ramifications" of the Government's theory of the case to the broader cryptocurrency industry or to "users of internet technology" (a category which would include almost all Americans) is far afield from the Court's discrete task of adjudicating whether any reasonable jury could find the defendants guilty based on the evidence presented at this trial.  To the extent this particular third party has concerns about the implications to the cryptocurrency industry, such concerns are appropriately directed to the legislative branch.  To allow an *amicus* brief of this type—*i.e.*, arguing that the defendants should be acquitted because of the implications to an industry or to internet users writ large—is to allow the defendants to argue for nullification and is lawless.  The sole concern of the Court on a Rule 29 motion is whether a reasonable jury could find the defendants guilty based on the evidence adduced at trial.  Larger questions of policy are not appropriately heard in this arena.

Second, the proffer from defense counsel as to the *amicus* brief again misapprehends the Government's theory of prosecution and criminal cases generally.  To the extent that the third party is concerned that the Government is somehow "criminalizing" actions on the Ethereum blockchain that amount solely to breaking rules on the blockchain, that concern is unfounded.  While breaking the rules on the blockchain could be relevant to assessing the defendants' *mens rea*, this prosecution is not based upon a *per se* violation of any one rule.  A criminal case is cabined to its facts—many of which are, in this context, extremely unique.  For example, this case involves defendants who exploited computer code and who undertook a number of specific deceptive actions that the Government contends amount to federal criminal violations.  The question before the Court on a Rule 29 motion, is simply whether the evidence, when viewed in the light most favorable to the Government, and as to these defendants in particular, is sufficient to allow a reasonable juror to convict on wire fraud and money laundering.

Accordingly, the Government respectfully submits that the Court should not permit the filing of an *amicus* brief which has no bearing on the contemplated Rule 29 motion and serves no purpose other than to place arguments inviting nullification before this Court.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: _____/s/_____
Jerry J. Fang / Danielle M. Kudla
Benjamin L. Levander / Ryan T. Nees
Assistant United States Attorneys
(212) 637-2584 / 2304 / 1930 / 1595

Cc:   Defense Counsel (by ECF)