

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 31, 2025

**BY ECF**
The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re: *United States v. Peraire-Bueno,* S1 24 Cr. 293 (JGLC)**

Dear Judge Clarke:

  The Government respectfully submits this letter to flag an issue that it intends to raise at the charge conference. Specifically, the Government opposes the following instruction: "However, if you find a scheme to defraud existed, you must unanimously agree on which misrepresentation forms the basis for the scheme to defraud." The defendants' application for this instruction would lead the Court to give a legally inaccurate charge. As far as the Government is aware, every single court to consider the question has concluded that unanimity as to a particular misrepresentation is not required in a fraud case. The defendants have not cited a single case in which a court concluded otherwise. Nor have they identified a single instance in which a district court included an instruction that the jury must unanimously agree on which misrepresentation forms the basis for the scheme to defraud—and the Government is not aware of any. The well-recognized consensus that unanimity is not required as to the particular misrepresentation is also reflected in *Sand*, which explicitly states as much. In short, by giving the defendants' requested unanimity instruction, this Court would apparently (1) be the first court to ever do so in the long history of fraud prosecutions; (2) stake out a position contrary to every single court to ever consider the issue; and (3) directly contradict *Sand*. Rather than follow the defendants down that path, the Court should do what the courts did in *Javice*, *Albin*, *Eisenberg*, and countless other cases, and decline to give this legally erroneous instruction.

  A jury "cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). But "a disagreement about 'which of several possible sets of underlying brute facts make up a particular element'—in other words, 'which of several possible ***means*** the defendant used to commit an element of the crime'— does 'not matter as long as all 12 jurors unanimously conclude [] that the Government ha[s] prove[d] the necessary related element . . . .'" *United States v. Requena*, 980 F.3d 30, 48 (2d Cir. 2020) (emphasis added) (quoting *Richardson*, 526 U.S. at 817). "Elements, as opposed to 'means' or 'brute facts,' are 'ordinarily listed in the statute that defines the crime.'" *Id.* (citation omitted). On the other hand, "additional details not set out in the statute"—such as items in an "illustrative

list" that "merely specifies diverse means of satisfying [that] element"—"typically are not elements even if they seem intuitively central to the commission of an offense." *Id.* (alteration in original).

As far as the Government is aware, every single court to consider the question has concluded that a misrepresentation underlying a scheme to defraud is properly classified as a means—rather than an element—of fraud, meaning that the jury need not be unanimous as to the particular misrepresentation. Judge Kovner's recent decision in *United States v. Gentile*, 21 Cr. 54 (RPK), 2025 WL 777090 (E.D.N.Y. Mar. 11, 2025) is instructive. In that case, Judge Kovner expressly rejected the argument that a unanimity instruction was appropriate "as to the false statement underlying the scheme to defraud," reasoning:

> A false statement underlying a scheme to defraud is properly classified as a means, rather than an element, of wire fraud. The wire fraud statute prohibits "devis[ing] any scheme or artifice to defraud . . . by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1343. Like the statute discussed in [*Mathis v. United States*, 579 U.S. 500, 506 (2016)], the only reference to "false or fraudulent . . . representations" is contained in an illustrative list of "means"—along with false "pretenses" and "promises"—by which a scheme to defraud may be "devised," 18 U.S.C. § 1343. The Second Circuit has thus stated that "[t]he elements of wire fraud are: (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the wires to further the scheme"—conspicuously omitting defendants' asserted false-statement element. *E.g.*, *United States v. Cooper*, No. 22-2709-CR, 2024 WL 4533335, at *1 (2d Cir. Oct. 21, 2024) (quoting *United States v. Jabar*, 19 F.4th 66, 76 (2d Cir. 2021)). And the four circuits to have specifically addressed the issue have rejected the argument that jurors must be unanimous as to a particular false statement underlying their verdict. *United States v. Daniel*, 749 F.3d 608, 613–14 (7th Cir. 2014) (citing *United States v. LaPlante*, 714 F.3d 641, 647 (1st Cir. 2013), *United States v. Rice*, 699 F.3d 1043, 1048 (8th Cir. 2012), and *United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007)).

*Gentile*, 2025 WL 777090, at *33.

As Judge Kovner recognized, every Circuit to consider this question has concluded that unanimity as to the particular misrepresentation is not required. *See Daniel*, 749 F.3d at 613 (affirming district court's decision not to instruct the jury regarding "unanimity as to a specific fraudulent act or representation" because "fraudulent representations or omissions committed by [defendant] were 'underlying brute facts' of the verdict against him"); *LaPlante*, 714 F.3d at 647 (rejecting argument that district court "erred in failing to give a specific unanimity instruction on which particular false statement alleged in the indictment was used to carry out the fraud" because "the jury is not required to agree on the means—the specific false statement—[defendant] used to carry out her fraudulent scheme"); *Rice*, 699 F.3d at 1048 (explaining that jury is not required to unanimously agree on the means that the defendant used to perpetrate the fraud, but "only the 'general thrust' of the scheme"); *Lyons*, 472 F.3d at 1068 (affirming lack of unanimity instruction in mail fraud case and explaining that "jurors need not be unanimous as to a particular theory of

liability so long as they are unanimous that the defendant has committed the underlying substantive offense")). District courts in other circuits have reached the same conclusion. *See, e.g.*, *United States v. Bikundi*, No. 14 Cr. 30 (BAH), 2016 WL 912169, at *38-39 (D.D.C. Mar. 7, 2016) (holding that the four Circuit court decisions are "persuasive in their application of the Supreme Court's precedent").

Tellingly, the defendants have not cited a single case—and the Government is aware of none—for the proposition that a jury must unanimously agree on the particular misrepresentation in a fraud case. (*See* Dkts. 168, 185 (defense letters regarding scheme to defraud instruction)). Nor have the defendants identified a single instance in which the instruction they requested was provided in a fraud case.[1]

Consistent with the uniform case law, Judge Sand's *Modern Federal Jury Instructions* do not include the unanimity instruction at issue here. To the contrary, Sand's instructions explicitly state: "[w]hile unanimity with respect to the scheme is required, unanimity with respect to particular false statements used to execute the scheme is not." *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025) (citing *Daniel*, 749 F.3d at 613-14; *LaPlante*, 714 F.3d at 646-47; *Rice*, 699 F.3d at 1048; *Lyons*, 472 F.3d at 1068).

Likewise, the cases on which the Court relied in drafting its jury instructions (*i.e.*, *Javice*, *Eisenberg*, and *Albin*) did not include an instruction that the jury must be unanimous as to the particular misrepresentation—and, in *Javice*, the court explicitly rejected an argument that such an instruction should be given. *See United States v. Javice*, 23 Cr. 251 (AKH), Tr. at 3456 (declining to provide defense instruction that "[y]ou must be unanimous as to the statement which you consider to be false"); *see also United States v. Eisenberg*, 23 Cr. 10 (AS), Tr. at 1444-1500 (omitting language); *United States v. Albin*, 23 Cr. 644 (JGK), Tr. at 1751-1805 (omitting language). This Court should do the same.

None of the cases cited in the Court's proposed jury instructions suggest otherwise. First, none of these cases involved the question of whether the jury must unanimously agree on a misrepresentation in a fraud case. *See United States v. Schiff*, 801 F.2d 108, 114 (2d Cir. 1986); *United States v. Ferguson*, 676 F.3d 260, 279 (2d Cir. 2001); *United States v. Estevez*, 961 F.3d 519, 527-29 (2d Cir. 2020); *United States v. Barner*, 561 F. App'x 22, 38 (2d Cir. 2014)). And none of these cases suggests that the complexity of the evidence can somehow change the analysis of whether a misrepresentation underlying a scheme to defraud qualifies as a means, rather than

---

[1] In their proposed scheme to defraud instruction, the defendants proposed the same unanimity language, citing to the jury charge in *United States v. Goldstein*, 21 Cr. 550 (DC) (E.D.N.Y. June 27, 2023), Dkt. 157 at 51-52. *Goldstein* is inapposite. There, the court instructed the jury that to convict on conspiracy to commit federal programs bribery, it must be "unanimous as to the object of the conspiracy." *Id.* at 52. But that instruction is legally correct because "[w]ithout question, the object of a conspiracy constitutes an essential element of [a § 371] conspiracy offense." *United States v. Gallerani*, 68 F.3d 611, 617-18 (2d Cir. 1995). By contrast, it is not correct here, as multiple federal courts of appeals have found, because a particular misrepresentation is not an essential element of a wire fraud offense, but a means of committing that offense.

an element, of fraud. That purely legal question does not vary, case by case, depending on the complexity of the evidence.

*Schiff* illustrates the point. In that case, the defendant was charged with attempted tax evasion and willful failure to file a corporate tax return (not wire fraud). 801 F.2d at 109. The defendant received a "general unanimity charge," *id.* at 115—that is, a charge like the one on page 17 of the Court's current instructions, directing the jury that its verdict must be unanimous. The defendant also requested a "specific charge on the requirement of unanimity as to the factual basis for the verdict." 801 F.2d at 115. Critically, the court noted that the "specific charge" the defendant requested would have been legally accurate—the question was whether it was necessary given that the jury had also received the general charge. The Second Circuit held that—even though the specific charge would have been legally accurate—the district court did not err by failing to give it, because the jury had received a general unanimity instruction. *See id* ("[W]e do not say it would be wrong for a trial judge to give the charge requested, but it [was] not error to refuse it."). During this discussion, the Second Circuit noted that "[a] general instruction on unanimity is sufficient to insure that . . . a unanimous verdict is reached, except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion." *Id.* at 114-15 (citations omitted). In other words, where a case is particularly complex, a court may have to give a specific unanimity instruction, in addition to the general instruction. But nothing in *Schiff* suggests that courts should give legally *inaccurate* instructions, or that deciding whether a misrepresentation constitutes a "means" or an "element" of a statute varies depending on a case's complexity.

Here, in contrast to *Schiff*, the instruction that the jury must be unanimous as to the particular misrepresentation is *legally erroneous*, as every court to consider the question has concluded. *Schiff* does not stand for the proposition that a court must give a legally erroneous instruction when cases are particularly complex. Such a rule would be nonsensical. Whether a misrepresentation qualifies as a means, rather than an element, of wire fraud is a purely legal question that cannot vary case-by-case, depending on its complexity. While the complexity of the case may warrant giving *additional* unanimity instructions, it does not warrant giving *inaccurate* instructions. Erroneous instructions would not achieve the goal of avoiding "jury confusion," *Schiff*, 801 F.2d at 114-15; they would create jury confusion by actively misleading the jury on the law. *See United States v. Roy*, 783 F.3d 418, 410 (2d Cir. 2015) ("A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.").

In sum, this Court should not give the legally erroneous instruction that the jurors must "unanimously agree on which misrepresentation forms the basis for the scheme to defraud." Instead, this Court should follow (1) every circuit court to consider the issue; (2) every district court to consider the issue (as far as the Government is aware); (3) Sand's model jury instructions; and (4) the jury instructions in *Javice*, *Albin*, *Eisenberg*, and—as far as the Government knows—every other fraud case prosecuted in this District.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: /s/
    Jerry J. Fang / Danielle M. Kudla
    Benjamin L. Levander / Ryan T. Nees
    Assistant United States Attorneys
    (212) 637-2584 / 2304 / 1930 / 1595

Cc:    Defense Counsel (by ECF)