# FICK & MARX LLP

24 Federal Street, Fourth Floor, Boston, MA 02110

**William W. Fick**
TEL: 857-321-8360
FAX: 857-321-8361
WFICK@FICKMARX.COM

October 31, 2025

**By ECF**
Hon. Jessical G. L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007

> Re: ***United States v. Anton Peraire-Bueno et al.***, No. 24 Cr. 293 (JGLC) (S.D.N.Y.)
> __Admissibility of Arrest Video__

Dear Judge Clarke:

Defendants Anton Peraire-Bueno and James Peraire-Bueno respectfully submit this memorandum in support of admitting into evidence an approximately 4-minute excerpt of the IRS-CI body camera footage of Anton Peraire-Bueno's arrest in Boston. The video, produced by the government in discovery, is plainly authentic and it supplies direct, relevant, admissible evidence of Anton Peraire-Bueno's consciousness of innocence, which is crucial to counter the wide array of circumstantial evidence offered to show purported consciousness of guilt that has littered the government's presentation.[1] The defense would offer the video through its summary witness. The government opposes.

## Background

Just after 7 a.m. on May 15, 2025, an armed tactical team of at least 8 IRS-CI agents rushed into Anton's apartment in Boston, tackled him in his bed, secured him with handcuffs, and placed him under arrest. In the immediate aftermath, Anton was fully compliant and stated, "I am going to comply with everything. I am not going to give you trouble ... This whole thing feels unnecessary. I would have come wherever you guys asked me." The sequence is recorded on body camera video.

## Authenticity

There can be no reasonable question as to authenticity since the government produced the video in discovery. *See* Ex. A (discovery production letter dated June 7, 2024) ("The defendant's arrest on May 15, 2024, was captured by body worn camera. This footage is Bates stamped USAO_00015403-00015415").

If the government is nevertheless unwilling to simply agree to authenticity, its June 7 production letter is admissible as a statement of a party opponent. *See, e.g., United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) ("Rule 801(d)(2)(B) … provides that a statement of which a party 'has manifested an

---

[1] The full video has been marked as DX 4005 (Bates No. USAO_00015403) and the excerpt has been marked as DX 4005-A. Counsel will provide advance copies to the Court on a thumb drive.

Hon. Jessica G.L. Clarke
October 31, 2025
Page 2 of 3

adoption or belief in its truth' is not hearsay," and courts have "applied that provision against the government in criminal cases") (*citing United States v. Kattar*, 840 F.2d 118, 130-31 (1st Cir. 1988)). The letter thus supplies admissible evidence confirming that the video constitutes an authentic "public record" under Fed. R. Evid. 901(b)(7).

Alternatively, if necessary, the defense could subpoena Case Agent Dias in the courtroom or subpoena some other IRS-CI custodian to authenticate the video.

## Admissibility

The video excerpt and Anton's statements are not offered for the truth of any matter asserted and plainly constitute present sense impressions, excited utterances, and evidence of his then-existing state of mind. *See* Red. R. Evid. 803(1), (2), and (3). *Cf. Burke v. City of Santa Monica*, No. 09-cv-02259 MMM, 2011 U.S. Dist. LEXIS 165475, at *24 (C.D. Cal. Jan. 10, 2011) (citing *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995) ("Under certain circumstances, such a statement may qualify as either a 'present sense impression,' or an 'excited utterance.' Certainly, a statement by a 911 caller who is witnessing the violent arrest of a suspect by the police could qualify under either exception.").

The government has presented a plethora of evidence that it contents provides circumstantial proof of the Peraire-Buenos' consciousness of guilt. It has also left the jury with the false impression that the Peraire-Buenos had reason to believe they were under investigation by law enforcement during the time they were off-ramping cryptocurrency. The arrest video provides powerful and direct evidence to the contrary:  Anton was surprised by the arrest, while his cooperative demeanor and statements refute consciousness of guilt. Indeed, contrary behavior — evidence of resistance or flight — is routinely admitted as "consciousness of guilt." *See, e.g.*, *United States v. Al-Sadawi*, 432 F.3d 419, 424, (2d Cir. 2005) ("It is well-settled that flight can, in some circumstances, evidence consciousness of guilt"). It would be deeply ironic and fundamentally unfair to prohibit Anton from presenting direct evidence to prove the opposite.

Considered another way, had one of the arresting IRS-CI agents testified, there is no question that defense counsel would have been able to cross examine the agent to create a "word picture" of the events and to establish that Anton was fully compliant during and immediately after the entry and arrest. The video simply provides different—albeit more vivid—evidence of the same facts, which the defendants have a constitutional right to present. *See Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best."); *see also United States v. Ramos*, No. 22-cr-431 (LJL), 2023 U.S. Dist. LEXIS 230515, *6  (S.D.N.Y. Dec. 28, 2023) (rejecting claim that body camera video of shooting victim making statements was unfairly prejudicial).

Accordingly, the Court should permit the Peraire-Buenos to introduce the video excerpt into evidence and publish it to the jury.

Hon. Jessica G.L. Clarke
October 31, 2025
Page 3 of 3

Respectfully submitted,

By: _/s/ William Fick_

Fick & Marx LLP
*Counsel for Defendant*
*Anton Peraire-Bueno*

By: _/s/ Katherine Trefz_

Williams & Connolly LLP
*Counsel for Defendant*
*James Peraire-Bueno*

cc:    All Counsel of Record (by ECF)