UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 24-CR-293 (JGLC) |
| ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO, | |
| Defendants. | |

JESSICA G. L. CLARKE, United States District Judge:


**<u>FINAL JURY INSTRUCTIONS</u>**

# Table of Contents

I.    Introduction ......................................................................................................... 4

II.   General Instructions ........................................................................................... 5

    A.  Roles of the Judge and Jury ......................................................................... 5

    B.  Role of Counsel ............................................................................................. 6

    C.  What Is and Is Not Evidence ........................................................................ 7

    D.  Rulings on Evidence and Objections ........................................................... 9

    E.  Burden of Proof, Presumption of Innocence, and Reasonable Doubt ......... 10

    F.  Government As a Party ................................................................................. 12

    G.  Direct and Circumstantial Evidence ............................................................ 13

    H.  Credibility of Witnesses ............................................................................... 15

    I.  Jury's Recollection Controls ........................................................................ 17

    J.  Unanimous Verdict ....................................................................................... 18

    K.  Stipulations .................................................................................................. 19

    L.  Punishment Not to Be Considered ............................................................... 20

    M.  Limited Evidence ......................................................................................... 21

    N.  Charts and Summaries .................................................................................. 22

    O.  Expert Witnesses .......................................................................................... 23

    P.  Law Enforcement Witnesses ........................................................................ 24

    Q.  Preparation of Witnesses ............................................................................. 25

    R.  Persons Not on Trial ..................................................................................... 26

    S.  Testimony of Cooperating Witnesses .......................................................... 27

    T.  Defendant's Right Not to Testify ................................................................. 29

    U.  Redactions .................................................................................................... 30

III.  Substantive Instructions .................................................................................... 31

    A.  Indictment ..................................................................................................... 31

    B.  Multiple Counts and Multiple Defendants ................................................... 32

    C.  Conspiracy and Substantive Offenses .......................................................... 33

    D.  Count Two: Wire Fraud Elements ................................................................ 35

    E.  Count Two: Wire Fraud – Scheme to Defraud ............................................ 36

    F.  Count Two: Wire Fraud – Participation in the Scheme with Intent ............ 40

    G.  Count Two: Wire Fraud – Rules and Protocols ........................................... 42

    H.  Count Two: Wire Fraud – Use of the Wires ................................................ 43

    I.  Count Two: Wire Fraud – Willful Causation .............................................. 44

J.    Count Two: Wire Fraud – Aiding and Abetting ..................................... 45

K.    Count One: Conspiracy to Commit Wire Fraud – Elements................................ 48

L.    Count One: Conspiracy to Commit Wire Fraud – Existence of Agreement ......... 49

M.    Count One: Conspiracy to Commit Wire Fraud – Membership in the Conspiracy
51

N.    Count Three: Conspiracy to Commit Money Laundering .................................... 54

O.    Count Three: First Element – Existence of the Conspiracy................................. 55

P.    Object of Conspiracy Charged in Count Three: Money Laundering – Elements . 57

Q.    Object of Conspiracy Charged in Count Three: Money Laundering – Financial
Transaction .................................................................................................... 58

R.    Object of Conspiracy Charged in Count Three: Money Laundering – Proceeds of
Specified Unlawful Activity .......................................................................... 60

S.    Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge
that Transaction Involved Proceeds of Unlawful Activity ............................ 61

T.    Object of Conspiracy Charged in Charged in Count Three: Money Laundering –
Knowledge that Transaction Was Meant to Conceal .................................... 63

U.    Count Three: Second Element – Membership in the Conspiracy ....................... 65

V.    Venue........................................................................................................... 66

W.    Income Taxes .............................................................................................. 68

X.    Uncalled Witnesses Equally Available...................................................... 69

Y.    Use of Evidence Obtained in Searches ...................................................... 70

IV.   Closing Arguments ............................................................................................. 71

V.    Concluding Instructions After Closings, Before Deliberations.................................... 72

A.    Conduct of Jurors ...................................................................................... 72

B.    Alternate Jurors .......................................................................................... 74

C.    Selection of the Foreperson ........................................................................ 75

D.    Right to See Exhibits and Hear Testimony ................................................. 76

E.    Verdict Form and Return of Verdict............................................................ 77

F.    Oath of Jurors ............................................................................................. 78

G.    Cell Phones ................................................................................................. 79

H.    Closing Comment ....................................................................................... 80

## **<u>Introduction</u>**

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

## General Instructions

**A.  Roles of the Judge and Jury**

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case. My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

**B.  Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients. From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

## C.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulations contain facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom, is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence. Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

The personalities and the conduct of counsel are not in any way at issue. If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in this case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions

should not enter into your deliberations. The only issue is whether the government has proven each of the elements of the charged offenses beyond a reasonable doubt.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

## D.  Rulings on Evidence and Objections

It is the duty of attorneys to offer evidence and press objections on behalf of their clients. During the trial, I have been called upon to make various rulings. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. There may have been objections, or motions may have been made to strike answers. You should draw no inference from the fact that there was an objection to any evidence. An objection is not evidence, nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

**E.  Burden of Proof, Presumption of Innocence, and Reasonable Doubt**

Now I will instruct you on the presumption of innocence and the government's burden of proof in this case. Each defendant has pleaded not guilty. By doing so, each denies the charges in the Indictment. Thus, the government has the burden of proving the charges against each defendant beyond a reasonable doubt. Each defendant is presumed innocent. A defendant does not have to prove his innocence. This presumption of innocence was in each defendant's favor at the start of the trial, continued in their favor throughout the entire trial, is in their favor even as I instruct you now, and continues in their favor during the course of your deliberations in the jury room. The government has the burden of proof in this case. The presumption of innocence is removed as to a defendant if, and only if, you, as members of the jury, are satisfied that the government has sustained its burden of proving the guilt of that defendant beyond a reasonable doubt on each and every element of the offense you are considering.

A reasonable doubt is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to the defendants, for it is the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. If, after fair and impartial

consideration of all the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to a particular offense, you must acquit that defendant of that offense. If, after fair and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt of the guilt of that defendant with respect to each and every element of a particular offense, you must convict that defendant of that offense.

**F.  Government As a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater or lesser consideration than that accorded to any other party to a litigation. All parties, whether government or individuals, stand as equals at the bar of justice.

### G.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the Defendants are guilty or not guilty of the crimes with which they are charged.

The first is direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside. Also assume that the courtroom shades were drawn, and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet. Now, because you could look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining. That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts — such as what a person was thinking or intending — can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence. It simply requires that before convicting the defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence. The Government asks you to draw one set of inferences. The Defendants may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

## H.  Credibility of Witnesses

I am going to give you a few general instructions about how you may determine whether witnesses are credible and reliable and whether the witnesses told the truth at this trial. It is really just a matter of using your common sense, your judgment and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest but mistaken. What impression did the witness make while testifying? Did the witness appear to be testifying honestly and candidly? Were the witness's answers direct or were they non-responsive? Consider the way the witness acted, his or her way of testifying and the strength and accuracy of his or her recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and, if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party. Such a bias or relationship does not necessarily make the witness unworthy of belief, but these are factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and, if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

**I.  Jury's Recollection Controls**

If any one of you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in this case.

**J.  Unanimous Verdict**

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with a particular law in question. The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

**K. Stipulations**

You have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

**L.  Punishment Not to Be Considered**

You are instructed that the question of possible punishment of the Defendants is of no concern to you and should not, in any sense, enter into or influence your deliberations. In the event of a conviction, the duty of imposing a sentence rests exclusively with the court – that is with me, the judge. The function of the jury is to weigh the evidence in the case and determine whether a defendant is guilty or not guilty solely upon the basis of such evidence. Under your oaths as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants to influence your verdict.

Adapted from the charge of the Honorable Janet C. Hall in *United States v. Trudeau*, 10-CR-234 (KPF) (D. Conn, October 4, 2012).

**M. Limited Evidence**

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 2.12.

## N.  Charts and Summaries

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Honorable Lewis A. Kaplan in United States v. Dumitru, 18-CR-243 (Nov. 6, 2018), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19-CR-374 (Feb. 1, 2022).

### O.  Expert Witnesses

You heard the testimony of certain witnesses who testified as experts. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

You should judge the expert testimony the same way that you judge the testimony of any other witness. In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you.  If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17-CR-337 (Dec. 6, 2017), the Honorable Jesse M. Furman in *United States v. Chastain*, 22-CR-305 (JMF) (April 25, 2023), the Honorable Janet C. Hall in *United States v. Lillemoe*, 15-CR-25 (JCH) (November 3, 2016), and from the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18-CR-36 (Feb. 1, 2022). *See also United States v. Pukke*, No. 23-CR-168-JPO (S.D.N.Y. July 9, 2024), Tr. 2362-63.

## P.  Law Enforcement Witnesses

You have heard testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Government as a law enforcement agent or as an employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19-CR-374 (Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18-CR-124 (Sept. 24, 2018).

**Court Exhibit 16**

## Q.  Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98-CR-208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13-CR-135 (RJS) (S.D.N.Y. 2013).

**R. Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of an alleged conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, toward the Government or the Defendants from the fact that certain persons other than the Defendants were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Vernon S. Broderick in *United States v. Darden*, No. 23-CR-134 (VSB) (Oct. 3, 2024).

**S.   Testimony of Cooperating Witnesses**

You have heard from a witness who testified that he was actually involved in planning and carrying out some of the crimes charged in the Indictment. The law permits the use of testimony from cooperating witnesses.

However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution. After carefully scrutinizing the testimony of a cooperating witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility. But it does not follow that, simply because a person has admitted participating in one or more crimes, he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case. You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony As I have indicated, their testimony may be accepted by you if you believe it to be true, and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these cooperating witnesses.

You also heard testimony about an agreement between the Government and the witness. I caution you that it is no concern of yours why the Government made an agreement

27

with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

You should look at all of the evidence in deciding what credence and what weight, if any, you want to give to the witness's testimony.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 7-5, 7-7, and the jury charges of the Honorable Richard M. Berman in *United States v. Atilla*, 15-CR-867 (RMB) (S.D.N.Y. 2017), the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023) and *United States v. Dumitru*, 18-CR-243 (Nov. 6, 2018), the Honorable Jed S. Rakoff in *United States v. Newkirk*, No. 14-CR-534 (Dec. 11 2015), and the Honorable J. Paul Oetken in *United States v. Costanzo*, 22-CR-281 (Nov. 8, 2023).

**T.  Defendant's Right Not to Testify**

The Defendants did not testify in this case. You may not speculate as to why they chose not to testify. Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he is innocent. You may not attach any significance to the fact that the Defendants did not testify. You may not draw any inference against the Defendants because they did not take the witness stand. You may not speculate as to why they did not testify, and you may not consider this against them in any way in your deliberations.

Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18-CR-124 (JPO) (S.D.N.Y. 2018).

## U.  Redactions

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19-CR-374 (Feb. 1, 2022), and from the charge of the Honorable Lewis A. Kaplan in *United States v. Sterling*, S4 16-CR-488 (Apr. 3, 2017).

## Substantive Instructions

### A.  Indictment

The Defendants, ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO, are formally charged in a Superseding Indictment. I will refer to it as the "Indictment." As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. I will not read the entire Indictment to you. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment in this case contains three counts. I am briefly going to summarize each count, and then give you the law in greater detail.

Count One of the Indictment charges that ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO, the Defendants, conspired with others—that is, agreed with others—to commit wire fraud, from at least in or about December 2022 to at least in or about May 2024.

Count Two of the Indictment charges that ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO committed the substantive crime of wire fraud, from at least in or about December 2022 to at least in or about May 2024.

Count Three of the Indictment charges that ANTON PERAIRE-BUENO and JAMES PERAIRE-BUENO agreed with others to commit money laundering, from at least in or about April 2023 to at least in or about May 2024. The PERAIRE-BUENOS are not charged with any other offense.

**B.  Multiple Counts and Multiple Defendants**

As I just indicated, the Indictment contains a total of three counts. Each count charges both Defendants before you with a separate offense or crime. You must consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

## C.  Conspiracy and Substantive Offenses

As I have told you, Counts One and Three charge both Defendants with the crime of conspiracy, and Count Two charges the Defendants with what we call a substantive crime. I will instruct you as to each of those counts separately in just a moment.

The crime of conspiracy is different from a substantive crime. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding others to actually commit offenses. A substantive offense therefore can be committed by a single person. It need not involve an agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy. And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime that is the object of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not accomplished. Consequently, a conspiracy charge does not require proof that the crime that was the object of the conspiracy actually was committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

With respect to the substantive count, you should be aware also that there are three alternative theories on the basis of which you may find a defendant guilty. While I am going to explain these three theories in more detail, I want to take a brief moment to outline them.

The first theory is that the Defendants committed a substantive crime charged in the Indictment. The second theory is that the Defendants, with criminal intent, willfully caused someone else to engage in certain actions that resulted in the commission of a substantive crime charged in the Indictment. I am going to refer to both of those two theories that I just outlined for you as involving a claim that a defendant is guilty of a crime as a principal. The third theory is that someone committed the crime charged in the Indictment and that the defendants aided and abetted the commission of that crime. I will refer to that theory as a claim that the defendants are guilty of a crime as an aider and abettor.

For the sake of convenience, in organizing my instructions to you, I'm going to instruct you first with respect to Count Two, which charges the Defendants with committing substantive crime of wire fraud. I will then instruct you on Count One, which charges the Defendants with conspiring to commit wire fraud, and then Count Three, which charges the Defendants with conspiring to commit money laundering.

> Adapted from the charge of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF), the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17-CR-686 (LAK) (October 1, 2018), the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, 22-CR-673 (S.D.N.Y. Nov. 2, 2022), the Honorable Ronnie Abrams in *United States v. Hild*, 19-CR-602 (May 14, 2021), and the Honorable Jennifer L. Rochon in *United States v. Williams*, 22-CR-684 (JLR) (February 14, 2024).

### D.  Count Two: Wire Fraud Elements

Let us turn now to Count Two, wire fraud. To sustain its burden of proof with respect to the offense of wire fraud, the Government must prove each of the following three elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a scheme or artifice to defraud to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in execution of that scheme, the defendant used or caused the use of interstate wires.

I will now separately instruct you on each of these elements.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3, the jury charges of the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21-CR-603 (Nov. 1, 2023), and *United States v. Reese*, No. 24-CR-402 (Mar. 19, 2025), the jury charge of the Honorable Jennifer L. Rochon in United States v. Brend, No. 22-CR-551 (Mar. 4, 2024), the jury charge of the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23-CR-168 (July 9, 2024), and the Second Circuit's statement of law in *United States v. Greenberg*, 835 F.3d 295, 305 (2d Cir. 2016), and *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004).

### E.  Count Two: Wire Fraud – Scheme to Defraud

The first element that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

"Fraud" is a general term. It embraces all the possible means that human ingenuity can devise by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, concealment of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

Here, the Government alleges that the Defendants' preparation for, and execution of, omakase on or about April 2, 2023, involved the use of deceitful conduct and false, fraudulent, and deceitful representations and statements.

A representation or statement is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements that contain half-truths or conceal material facts may also constitute false or fraudulent statements.

The deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and

deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation, but only where that conduct creates a false impression as to a material fact or matter.

The false or fraudulent representation or deceitful statement must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person. This means that if you find a particular statement of fact, representation, or pretense to have been false or fraudulent or you find that a deceitful statement was made, you must determine whether that statement, representation, or pretense was one that a reasonable person might have considered important in making his or her decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important reflects that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been important to a reasonable person.

When I say, "reasonable person," I am referring to a person of ordinary intelligence. It does not matter whether the intended victims were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the sophisticated.

You have also heard evidence that the alleged victims in this case engaged in certain trading strategies, including sandwich trades. Whether or not you personally approve of the victims' trading strategies is not relevant to your consideration of the charges against the Defendants. It is not a defense to wire fraud that the alleged victims were themselves

blameworthy or deserved to be defrauded. Individuals may be victims of fraud even if they were themselves engaged in misconduct or were negligent.

In addition to proving that a representation or deceitful statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme or artifice contemplated depriving another of money or property (including cryptocurrency), even if only temporarily. It is not necessary, however, that the person or entity whose money or property was targeted be the same person or entity that the defendant you are considering sought to deceive through the scheme or artifice. Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or artifice or that the intended victim actually suffered any loss.

It is not required that every misrepresentation charged in the Indictment be proved. It is sufficient if the Prosecution proves beyond a reasonable doubt that one or more of the alleged material misrepresentations, half-truths, or concealments of fact were made in furtherance of the alleged scheme to defraud.

A scheme to defraud need not be shown by direct evidence but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

The fact that this case involves automated computer programs does not change the analysis that you have to undertake under this instruction.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4 (2025); *United States v. Albin*, 23-CR-664 (S.D.N.Y.); *United States v. Javice*, 23-CR-251 (S.D.N.Y.); *United States v. Eisenberg*, 23-CR-10 (S.D.N.Y.). See also *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) ("A general instruction on unanimity is sufficient to insure that such a unanimous verdict is reached, *except in cases where the complexity of*

*the evidence or other factors create a genuine danger of jury confusion*.") (quoting *United States v. Schiff,* 801 F.2d 108, 114–15 (2d Cir.1986)) (emphasis added); *accord United States v. Estevez*, 961 F.3d 519, 527 (2d Cir. 2020); *United States v. Barner*, 561 F. App'x 33, 38 (2d Cir. 2014).

**F.  Count Two: Wire Fraud – Participation in the Scheme with Intent**

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering devised or participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

To "devise" a scheme to defraud means to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with an intent to help it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I have previously noted, the defendant must have acted knowingly, willfully, and with an intent to defraud. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with wrongful purpose. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of obtaining money or property.

Because an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense. Even false representations or statements do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense to wire fraud, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. In addition, the Government need not prove that a criminal intent was the only intent of the defendant. A

defendant may have the requisite intent to defraud even if the defendant was also motivated by some other lawful, proper, or neutral purposes or reasons for his actions.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to the victim(s) with knowledge that the statements were false. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5, the jury charges by the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21-CR-478 (Sept. 12, 2022), the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21-CR-603 (Nov. 1, 2023), and *United States v. Reese*, No. 24-CR-402 (Mar. 19, 2025), the Honorable Jennifer L. Rochon in *United States v. Brend*, No. 22-CR-551 (Mar. 4, 2024), the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23-CR-168 (July 9, 2024); and the Honorable Paul A. Engelmayer in *United States v. Gray*, No. 21-CR-713 (May 20, 2024).

### G.  Count Two: Wire Fraud – Rules and Protocols

You have heard evidence regarding certain rules and protocols concerning MEV-Boost and Ethereum. In considering whether a defendant's conduct was fraudulent in violation of the criminal laws at issue in this case, if you find that the defendant you are considering violated a rule or protocol, that does not by itself mean that the defendant has committed a crime. However, if you find such a violation has occurred, it may be considered by you in determining whether the defendant you are considering engaged in a scheme to defraud and whether he did so with knowledge and a willful intent to defraud. Similarly, you may consider how MEV-Boost and Ethereum work and the nature of the trading on the platform in determining whether the defendant you are considering engaged in a scheme to defraud and whether he did so with knowledge and willful intent to defraud. Also, a defendant can be guilty of fraud even if he or she carried out a fraudulent scheme in ways permitted by a computer code. Again, in determining whether the defendant has committed any of the charged offenses, you are to apply the instructions I give you today.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4, the jury charges of the Honorable Sidney H. Stein in *United States v. Constantine*, 21-CR-530 (S.D.N.Y. Dec. 15, 2022), Tr. at 2597-98; and the Honorable Nicholas G. Garaufis in *United States v. Kurland*, 20-CR-306 (NGG) (E.D.N.Y. July 13, 2022), at Tr. 1817.).

**H.  Count Two: Wire Fraud – Use of the Wires**

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. An interstate wire means a wire that passes between two or more states. A foreign wire means a wire that travels between the United States and another country. Examples of wires include telephone calls, text messages, communications over the Internet, commercials on television, and financial wires between bank accounts, among other things.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, if the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others. This does not mean that that defendant must specifically have authorized others to make the call, send an email or text message, or transfer the funds. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Only the wire communication must be reasonably foreseeable, not its interstate component. Thus, if the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element would be satisfied, even if it was not foreseeable that the wire communication would cross state lines.

### I.  Count Two: Wire Fraud – Willful Causation

Now, as I instructed you earlier, the second theory of liability on the substantive wire fraud count, Count Two, is that the defendant you are considering is guilty as a principal because he possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes. So I am now going to take a minute to discuss what it means for a defendant to be guilty as a principal through willful causation in the context of this case.

It is the law of the United States "that whoever willfully causes an act to be done which, if directly performed by that person, would be an offense against the United States, is punishable as a principal." So what does the term "willfully caused" mean? It does not mean that the defendant must physically have committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal. Accordingly, one who intentionally causes someone else to make false or fraudulent statements or representations is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation, acted knowingly, intentionally, and with the specific intent to defraud and satisfies the other elements of wire fraud that I have described to you. This is so even if the individual that was caused to make the false statement had no criminal intent.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (2025), and the jury charge by the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023), the Honorable J. Paul Oetken in *United States v. Pukke*, No. 23-CR-168 (July 9, 2024), the Honorable Vernon S. Broderick in *United States v. Darden*, 23-CR-134 (Oct. 3, 2024), and the Honorable Sidney H. Stein in *United States v. Constantinescu*, No. 19-CR-651 (June 27, 2022).

**J.  Count Two: Wire Fraud – Aiding and Abetting**

I will now explain the third theory of liability on Count Two, the aiding and abetting theory, in greater detail. It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. A person who does that is just as guilty of the offense as someone who actually commits it. Accordingly, for Count Two, the substantive wire fraud count, you may find the defendant you are considering guilty on that count if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime and that the defendant aided, abetted, counseled, commanded, induced, or procured the commission of that crime.

In order to convict the defendant you are considering as an aider and abettor, the Government must prove beyond a reasonable doubt two elements. First, it must prove that a person other than the defendant, and other than a person the defendant willfully caused to take actions necessary for the commission of the crime, as I have described that concept to you previously, committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. Accordingly, if the Government has not proved beyond a reasonable doubt that a person other than the defendant committed the substantive crime charged in the Indictment, then you need not consider the second element under this theory of aiding and abetting. But if you do find that a crime was committed by someone other than the defendant, or someone he willfully caused to take actions necessary for the commission of the crime, then you must consider whether the defendant aided or abetted the commission of that crime.

Second, in order to convict on an aiding and abetting theory, the Government must prove that the defendant you are considering willfully and knowingly associated himself in

some way with the crime, and that he willfully and knowingly engaged in some affirmative conduct or some overt act for the specific purpose of bringing about that crime. Participation in a crime is willful if done voluntarily and with a wrongful purpose. The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make the defendant an aider and abettor. Similarly, a defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture. To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did the defendant participate in the crime charged as something that the defendant wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor. If, on the other hand, your answer to any of these questions is no, then the defendant is not an aider and abettor.

There is a subtle difference between a defendant willfully causing someone else to take actions necessary for the commission of a crime as opposed to aiding and abetting someone else to commit a crime. If this question comes up in your deliberations, you should think of it in terms of the difference between causing someone to do something versus facilitating or helping someone to do it. If you are persuaded beyond a reasonable doubt that the defendant willfully caused someone else to take actions necessary for the commission of the substantive crime charged in the Indictment, you should convict him as a principal on that count. If, on the other

hand, you are persuaded beyond a reasonable doubt that the defendant, with the knowledge and intent that I described, sought by his actions to facilitate or assist that other person in committing the crime, then he is guilty as an aider and abettor. One important difference between willfully causing and aiding and abetting another person to commit a crime, as I instructed you earlier, is that with respect to willful causation, the Government need not prove that the defendant acted through a guilty person. With respect to aiding and abetting, however, the Government must prove beyond a reasonable doubt that someone else committed the crime charged with the requisite intent. If you find beyond a reasonable doubt that the Government has proved that another person actually committed the substantive crime charged in Count Two and that the defendant aided or abetted that person in the commission of that offense, you should find that defendant guilty of that substantive crime on an aiding and abetting theory. If, however, you do not so find, you may not convict the defendant of that crime on the basis of an aiding and abetting theory.

Adapted from the jury charge by the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17-CR-686 (Oct. 1, 2018).

## K.  Count One: Conspiracy to Commit Wire Fraud – Elements

To sustain its burden of proof with respect to the offense of conspiracy to commit wire fraud, the Government must prove each of the following two elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a conspiracy, the goal of which was to commit wire fraud; that is, an agreement or understanding between two or more people existed to commit wire fraud.

*Second*, that the defendant knowingly and willfully became a member of the conspiracy with the intent to commit wire fraud.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3, the jury charges of the Honorable Jesse M. Furman in *United States v. Raji*, No. 19-CR-870 (Sept. 13, 2022), and the Honorable Valerie E. Caproni in *United States v. Washington*, No. 21-CR-603 (June 28, 2024), and the Second Circuit's statement of law in *United States v. DiMassa*, 117 F.4th 477, 487 (2d Cir. 2024) ("Proof of … a conspiracy requires a showing that the defendant agreed with another to commit wire fraud and knowingly engaged in the conspiracy with the intent to commit that offense."), and *United States v. Zemlyansky*, 908 F.3d 1, 10 (2d Cir. 2018) (conspiracy to commit wire fraud requires proof of "(1) an agreement between at least two people to commit an unlawful act, and (2) the defendant's knowing engagement in the conspiracy with the specific intent that the object of the conspiracy be committed"). "[P]roof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349." *United States v. Roy*, 783 F.3d 418, 421 (2d Cir. 2015).

**L.  Count One: Conspiracy to Commit Wire Fraud – Existence of Agreement**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement or understanding between two or more persons to accomplish by joint action a criminal or unlawful purpose.

To satisfy its burden of proof, the Government is not required to show that the agreement was explicit, express, or formal, or that two or more persons sat around a table and entered into a solemn pact to form a conspiracy to violate the law. There need not be any written statement or even a speaking of words that expressly communicates agreement. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to violate the law and accomplish an unlawful plan.

You may, of course, find that the existence of a conspiracy has been established by direct proof. However, because conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. You may also consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. In the context of conspiracy cases, actions often speak louder than words. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts, but when taken together and considered as a whole, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

The object—or objective—of a conspiracy is the unlawful purpose the co-conspirators agree or hope to achieve. The object of the conspiracy alleged in Count One is

wire fraud, on which I instructed you for Count Two. If you find that the conduct alleged in Count Two does not satisfy the elements of wire fraud, then the illegal purpose element of Count One is not satisfied.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4, the jury charges of the Honorable Jesse M. Furman in *United States v. Raji*, No. 19-CR-870 (Sept. 13, 2022), the Honorable Vernon S. Broderick in *United States v. Darden*, 23-CR-134 (VSB) (Oct. 3, 2024), the Honorable Cathy Seibel in *United States v. Moslem*, 19-CR-547 (CS) (May 18, 2021), the Honorable John G. Koeltl in *United States v. Albin*, 23-CR-664 (JGK) (June 23, 2025), and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023). *See also United States v. Connolly,* 24 F.4th 821, 843 (2d Cir. 2022) (reversing convictions for conspiracy to commit wire fraud because government failed to prove the element of falsity in the underlying wire fraud).

## M. Count One: Conspiracy to Commit Wire Fraud – Membership in the Conspiracy

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and willfully became a member of the conspiracy with the intent to commit wire fraud. I have previously instructed you as to the terms "knowingly," "willfully," and "intentionally." Follow those instructions here.

In other words, the Government must prove that the defendant knew of the conspiracy's unlawful purpose and that, with such knowledge, he voluntarily participated in it. Now obviously science has not yet devised a manner of looking into a person's mind and knowing what the person was thinking. To make that determination, you may look to the evidence of certain acts that are alleged to have taken place by or with the defendant or in his presence. You may consider circumstantial evidence based on the defendant's outward manifestation, his words, his conduct, his acts, and all of the surrounding circumstances of which you have heard evidence, and the rational and logical inferences that may be drawn therefrom. You may also consider the acts and statements made by any member of the conspiracy, during the course of and in furtherance of the conspiracy, in determining whether the defendant knowingly and willfully entered into the conspiracy.

To become a member of the conspiracy, a defendant need not have been fully informed as to its scope and all of its details, or have known the identities and activities of each and every other participant in the conspiracy. On the other hand, a person who has no knowledge of the conspiracy but happens to act in a way that furthers some object or purpose of the conspiracy does not thereby become a conspirator. A defendant need not have joined the conspiracy at the outset. He may have joined at any time, and if he joined, he will still be held responsible for the acts done after joining. Once a person is found to be a member of a

conspiracy, he is presumed to continue as a member of the conspiracy until the conspiracy has accomplished its purpose or is otherwise terminated, unless it is shown by some affirmative proof that the defendant withdrew and disassociated himself from the conspiracy.

The extent of a defendant's participation has no bearing on the issue of defendant's guilt. Each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy. It is also not necessary that the defendant receive any monetary benefit from his participation in the conspiracy or had a financial stake in the outcome, so long as he in fact joined the conspiracy. However, if you find that the defendant had such a financial interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy.

Keep in mind, however, that the defendant's mere association with one or more members of the conspiracy does not, by itself, make him a member of the conspiracy. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. That said, the defendant's association is a factor that you may consider among others to determine whether a defendant was a member of the conspiracy. Moreover, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least

some of the purposes or objectives of the conspiracy and with the intention of aiding in the

accomplishment of those unlawful ends.

In sum, the Government must prove beyond a reasonable doubt that the defendant

knew of the conspiracy and its unlawful purpose, and that the defendant willfully joined to

further its unlawful objectives.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-6, the
> jury charge of the Honorable Valerie E. Caproni in *United States v.
> Washington*, No. 21-CR-603 (June 28, 2024), the Honorable Denise L.
> Cote in *United States v. Perryman*, No. 23-CR-117 (Feb. 20, 2024), the
> Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17-
> CR-337 (Dec. 6, 2017), the Honorable Lewis A. Kaplan in *United States
> v. Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023), the Honorable Alison
> J. Nathan in *United States v. Lebedev*, No. 15-CR-769 (Mar. 10, 2017), the
> Honorable Cathy Seibel in *United States v. Moslem*, 19-CR-547 (CS)
> (May 18, 2021), the Honorable Paul A. Engelmayer in *United States v.
> Gillier*, 11-CR-409 (PAE) (September 27, 2022), the Honorable J. Paul
> Oetken in *United States v. Danskoi*, 21-CR-92 (JPO) (December 16,
> 2022), the Honorable Katherine Polk Failla in *United States v. Wade*, 21-
> CR-472 (KPF) (December 13, 2023), the Honorable Denny Chin in *United
> States v. Goldstein*, 21-CR-550 (DC) (June 27, 2023), the Honorable John
> G. Koeltl in *United States v. Albin*, 23-CR-664 (JGK) (June 23, 2025), the
> Honorable Jed S. Rakoff in *United States v. Celvin* (March 21, 2022), 21-
> CR-88 (JSR), the Honorable John G. Koeltl in *United States v. Barbera*,
> 21-CR-154 (JGK) (February 15, 2022), and those approved of in *United
> States v. Lanese*, 890 F.2d 1284, 1290 (2d Cir. 1989) ("It is important for
> you to note that the defendant's participation in the conspiracy must be
> established by independent evidence of his own acts or statements, as well
> as those of the other alleged co-conspirators and the reasonable inferences
> which may be drawn from them."), and *United States v. Stephenson*, 53
> F.3d 836, 847 (7th Cir. 1995) (instruction "informing the jury that it may
> consider, not only the statements of co-conspirators, but also their acts" as
> "circumstantial evidence to deduce what Defendants' actions were" was
> "an accurate statement of the law").

### N. Count Three: Conspiracy to Commit Money Laundering

To sustain its burden of proof with respect to the offense of conspiracy to commit money laundering, the Government must prove each of the following two elements beyond a reasonable doubt as to the defendant you are considering:

*First*, that there was a conspiracy, the goal of which was to commit money laundering; that is, an agreement or understanding between two or more people existed to commit money laundering.

*Second*, that the defendant knowingly and willfully became a member of the conspiracy with the intent to commit money laundering.

In other words, the elements of the conspiracy charged in Count Three are the same elements the Government is required to prove with respect to the conspiracy alleged in Count One—namely, the existence of an agreement to violate the law and knowing, and willful entry of the considered defendant into that agreement. The difference is that the object or objective of Count One was committing wire fraud, while the object or objective here is committing money laundering.

> Adapted from the jury charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19-CR-291 (LAP) (Oct. 26, 2021). *See Whitfield v. United States*, 543 U.S. 209, 212 (2005) (no overt act required for 18 U.S.C. § 1956(h)).

### O.  Count Three: First Element – Existence of the Conspiracy

To begin, the Government must prove beyond a reasonable doubt that there was an agreement between at least two people to accomplish the money laundering offense that is charged as the object of the Count Three conspiracy. I have already instructed you on the elements of a conspiracy charge generally, and those instructions apply to Count Three as well.

The object of the conspiracy alleged in Count Three is money laundering. As I noted earlier, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crime that was the object of the conspiracy—here, money laundering—was not actually committed. The government must prove that the conduct on which the conspirators agreed included all of the elements of the substantive crime, even if the substantive crime did not actually occur. However, the defendant must have at least the same degree of criminal intent as the substantive crime.  Here, as explained below, the substantive crime of money laundering requires that the defendant knew that the transaction involved the proceeds of some form of unlawful activity, and knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

> Adapted from the charge of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF); *see also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a

common goal."); *United States v. Feola*, 420 U.S. 671, 686 (1975) ("Our decisions establish that in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself.")

**P.  Object of Conspiracy Charged in Count Three: Money Laundering – Elements**

The object of the conspiracy charged in Count Three is money laundering. The money laundering statute makes it illegal to participate in a financial transaction that involves the proceeds of a specified unlawful activity—here, wire fraud—knowing that the transaction involved proceeds of some form of unlawful activity that constitutes a felony and was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of those proceeds. This type of money laundering is known as "concealment" money laundering.

Concealment money laundering has the following elements:

*First*, that the defendant conducted or attempt to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

*Second*, that the transaction involved property constituting the proceeds of a specified unlawful activity, which here was the wire fraud charged in Count Two;

*Third*, that the defendant knew that the transaction involved the proceeds of some form of unlawful activity; and

*Fourth*, that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

Adapted from the charges of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19-CR-291 (LAP), and the Honorable Ronnie Abrams in *United States v. Rahmankulov*, 20-CR-653 (RA).

## Q. Object of Conspiracy Charged in Count Three: Money Laundering – Financial Transaction

The first element of money laundering, the object of the conspiracy charged in Count Three, that the Government must prove beyond a reasonable doubt is that the defendant you are considering conspired to conduct or attempt to conduct a financial transaction.

The term "conduct" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution, including a bank, which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction that involves the movement of funds by wire or other means and in any way or degree affects interstate or foreign commerce.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country. In determining whether a transaction affected interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Specifically, you do not have to decide whether the effect of a transaction on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not. In addition, it is not necessary for

the Government to show that the defendant actually intended or anticipated an effect on

interstate or foreign commerce by his actions or that commerce was actually affected. All that

is necessary is that the natural and probable consequences of his acts would affect interstate or

foreign commerce.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-8 and
> the jury charges of the Honorable Katherine Polk Failla in *United States v.
> Wade*, 21-CR-472 (KPF), the Honorable Jesse M. Furman in *United States
> v. Chastain*, 22-CR-305 (JMF) (April 25, 2023), the Honorable Loretta A.
> Preska in *United States v. Adelekan*, 19-CR-291 (LAP), and the Honorable
> Lewis A. Kaplan in *United States v. Bankman-Fried*, 22-CR-673 (LAK);
> see *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014)
> (digital currency constituted "funds" within the meaning of the money
> laundering statute); *United States v. Budovsky*, No. 13-CR-368 (DLC),
> 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same).

**R. Object of Conspiracy Charged in Count Three: Money Laundering – Proceeds of Specified Unlawful Activity**

The second element of the money laundering offense that is the object of the conspiracy charged in Count Three is that the financial transactions involved the proceeds of a specified unlawful activity. The term "proceeds" means any property derived, directly or indirectly, from some form of specified unlawful activity. Proceeds can be in the form of funds, including digital funds or cryptocurrency.

The term "specified unlawful activity" means any one of a variety of offenses defined by the money laundering statute. In this case, the government has alleged that the funds in question stemmed from and were the proceeds of the wire fraud charged in Count Two. I instruct you as a matter of law that wire fraud falls within the definition of a specified unlawful activity. However, it is for you to determine whether the funds at issue here were the proceeds of wire fraud. If you find that the Government has failed to prove any element of wire fraud under Count Two, then this element of Count Three is not satisfied either.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-9 and the jury charges of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF), the Honorable Jesse M. Furman in *United States v. Chastain*, 22-CR-305 (JMF) (April 25, 2023), the Honorable Loretta A. Preska in *United States v. Adelekan*, 19-CR-291 (LAP), and the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, 22-CR-673 (LAK). *See also United States v. Hassan*, 578 F.3d 108, 127-28 (2d Cir. 2008) (money laundering conspiracy can be proven by evidence that the defendant "believed that the funds related to" a specified unlawful activity); *United States v. Prevezon Holdings Ltd.*, 251 F.Supp.3d 684, 698 (S.D.N.Y. 2017) ("Therefore, where the Government can demonstrate that a culpable account in the money laundering chain was commingled with tainted and clean money, it need not trace the funds used in the transaction to the charged unlawful conduct."); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (digital currency constituted "funds" within the meaning of the money laundering statute); *United States v. Budovsky*, No. 13-CR-368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same).

### S. Object of Conspiracy Charged in Count Three: Money Laundering – Knowledge that Transaction Involved Proceeds of Unlawful Activity

The third element of concealment money laundering is that the defendant knew that the property involved in the financial transactions was the proceeds of some form of unlawful activity; that is, the defendant must have known that the property involved in the transaction represented proceeds from some form of activity that constitutes a felony under state, federal, or foreign law.

If you find beyond a reasonable doubt that the defendant committed the wire fraud offense I have instructed you on in Count Two, and he knew that the proceeds came from that activity, that is sufficient for you to find that the defendant believed that the proceeds came from unlawful activity. Keep in mind, however, that it is not necessary for the defendant to believe that the proceeds would come from wire fraud specifically. The Government only has to prove that the defendant knew that it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that wire fraud is a felony under federal law. That the defendant you are considering was aware that the funds were frozen by third parties or may become the subject of civil litigation is insufficient, on its own, to satisfy this element. But these are facts you may consider in evaluating this element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-9 and the jury charges of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF), the Honorable Jesse M. Furman in *United States v. Chastain*, 22-CR-305 (JMF) (April 25, 2023), the Honorable Lewis A. Kaplan in *United States v. Bankman-Fried*, No. 22-CR-673 (Oct. 3, 2023), and the Honorable Ronnie Abrams in *United States v. Rahmankulov*, 20-CR-652 (LAP) (August 22, 2022). *See United States v. Maher*, 108 F.3d 1513, 1527-28 (2d Cir. 1997) (holding that for 18 U.S.C. § 1956(a)(1), the "precise nature of the unlawful source, so long as it is one that is among those listed in the statute, is 'an inconsequential detail' that the defendant need not have known" (citation omitted); *United States v. Diggles*, 928 F.3d 380 (5th Cir. 2019) (holding knowledge funds came from unlawful activity satisfied when defendant was perpetrator of underlying crime);

*United States v. Chon*, 713 F.3d 812, 820 (5th Cir. 2013) (same); *United States v. Bohn*, 281 F. App'x 430, 441 (6th Cir. 2008) ("Because we have already determined that the circumstantial evidence was sufficient to show that [the defendant] knew about the mail fraud scheme, it follows that the evidence was also sufficient to show that [he] knew that the money was from some form of unlawful activity).

**T. Object of Conspiracy Charged in Charged in Count Three: Money Laundering – Knowledge that Transaction Was Meant to Conceal**

The fourth element of the concealment money laundering offense that is the object of the conspiracy charged in Count Three concerns the purpose of the transaction. Specifically, the Government must prove beyond a reasonable doubt that the defendant agreed to conduct the financial transaction with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity. The Government need not prove that the intent to conceal or disguise was the only, or even primary, purpose of the defendant, as long as it was an intent of the defendant. The Government also need not show that the Defendants intended to conceal with respect to any particular third party.

As I have previously instructed, to act knowingly means to act purposely and voluntarily and not because of a mistake, accident, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective.  To prove that an act is done knowingly for the purposes of this element, the Government is not required to prove that the defendant knew that his acts were unlawful. If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue and that he knew that the transaction was either designed to conceal or disguise the true origin or ownership of the property in question, then this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, then this element has not been satisfied.

Keep in mind that the government must prove that the purpose — and not merely the effect — of the transaction was to conceal or disguise the nature, location, source, ownership,

or control of the illegal proceeds. The fact that a transaction was effected covertly in an effort to avoid the transaction being detected by third parties does not, on its own, mean that the purpose of the transaction was to conceal anything about the proceeds. If, however, you find that the defendant knew or intended that the effect of the transaction would be to conceal or disguise the nature, location, source, ownership or control of the proceeds, you may, but are not required to, find that such concealment of the nature, location, source, ownership or control of the proceeds was the purpose of the transaction.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-10, and the jury charges of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF) and the Honorable Jesse M. Furman in *United States v. Chastain*, 22-CR-305 (JMF) (April 5, 2023).

## U.  Count Three: Second Element – Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count Three of the Indictment existed, and that the conspiracy had as its object the money laundering offense charged in the Indictment, then you must determine the second question: Whether the defendant you are considering knowingly and willfully became a member of the conspiracy with the intent to commit money laundering. I have already instructed you on this element of a conspiracy charge generally, and those instructions apply here as well.

> Adapted from the charge of the Honorable Katherine Polk Failla in *United States v. Wade*, 21-CR-472 (KPF); *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

## V.  Venue

In addition to all of the elements I have described, you must consider the issue of venue, namely, whether any act in furtherance of each of the charges you are considering occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses charged in Counts One and Three, it is sufficient to establish venue if the Government proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York. The act need not be taken by the defendant or a co-conspirator, as long as the act was intentionally or knowingly caused by the conduct of the defendant or a coconspirator or was reasonably foreseeable. The act can include a financial transaction or wire communication, such as an email, chat message, or phone call, that begins, ends, or continues through the Southern District of New York, so long as the defendant reasonably anticipated that such a transaction or communication would occur.

For the wire fraud count charged in Count Two, it is sufficient to establish venue if the defendant transmitted or caused any interstate wire such as an e-mail, phone call, television or Internet broadcast, or financial transaction to be transmitted into, through, or out

of the Southern District of New York. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted in furtherance of, or as part of, the scheme.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the jury charges of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16-CR-776 (VEC), the Honorable J. Paul Oetken in *United States v. Martin Mizrahi*, 22-CR-650 (JPO) (March 7, 2024), and the Honorable Loretta A. Preska in *United States v. Tanner*, 17-CR-61 (LAP); *see also United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015) ("[V]enue lies where a wire in furtherance of a scheme begins its course, continues or ends.").

**Court Exhibit 16**

**W. Income Taxes**

You have heard arguments and evidence in this trial that the defendants paid taxes on the Omakase profits. The evidence of filing tax returns may be considered by you in determining whether the defendants acted with the requisite intent with respect to the wire fraud and money laundering charges. In determining what weight, if any, to afford to such evidence, I instruct you as a matter of law that, with respect to U.S. income taxes: "Income from illegal activities must be included in your income." The fact that a defendant paid taxes on the profits of an alleged scheme does not, on its own, prove that the defendant lacked the requisite intent.

## X.  Uncalled Witnesses Equally Available

There are persons whose names you heard during the trial but who did not appear to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the government to prove the guilt of the defendant beyond a reasonable doubt.

**Y.  Use of Evidence Obtained in Searches**

You have heard testimony about certain evidence that was seized pursuant to search warrants signed by a judge from email accounts, online accounts, and electronic devices. Evidence obtained from those searches was properly admitted in this case and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of each defendant beyond a reasonable doubt.

**Court Exhibit 16**

## <u>Closing Arguments</u>

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### <u>Concluding Instructions After Closings, Before Deliberations</u>

**A.  Conduct of Jurors**

Now, ladies and gentlemen, the first twelve jurors are about to go into the jury room and begin your deliberations. You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias for or against the Government of the defendants.

When you are deliberating, all 12 jurors must be present in the jury room. If a juror is absent, you must stop deliberations. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest belief as to the weight or effect of evidence solely because of the opinion of your fellow jurors. You are not to consider what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular, or, indeed, any consideration outside the case as it has been presented to you in the courtroom. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendants' race, religion, national-origin, gender, education, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national- origin, gender, education, or age of the victims, any other witness, or anyone else involved in this case.

You should find the facts from what you consider to be the believable evidence and apply the law as I give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

For the same reasons, the personality and the conduct of any attorney is not in any way in issue. If you formed opinions of any kind as to these matters, those opinions should not enter into your deliberations.

**B.  Alternate Jurors**

There are 2 alternate jurors—Mr. Lazada and Ms. Cole. You are not yet excused. However, the alternate jurors will not join in deliberations unless a member of the jury is discharged. While the jury conducts its deliberations, you do not have to be here in court, but you should give Ms. Tran phone numbers where you can be reached because it is possible that you could be needed to deliberate if a juror is unable to continue. Ms. Tran will call you when deliberations are completed so that you will know you are completely finished. Between now and then, you must continue to observe all of the restrictions I have instructed you on throughout the trial. That is, you must not discuss this case with anyone, including the other jurors, other people involved in the trial, members of your family, friends, coworkers, or anyone else, and until a verdict is reached, as I have already instructed, you may not communicate with anyone about this case in any way. If anyone approaches you and tries to talk to you about the case, please report that to me through Ms. Tran immediately. Do not listen to or watch or read any news reports concerning this trial. Do not do any research on the internet or otherwise. The reason for this, of course, is that should you be asked to participate in reaching a verdict in this case, the only information you will be allowed to consider is what you learned in the courtroom during this trial. Now, please accept my heartfelt gratitude for your service.

**Court Exhibit 16**

**C.  Selection of the Foreperson**

When you return to the jury room, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Court by a note given to the Court Security Officer, that the jury has reached a verdict.

**D.  Right to See Exhibits and Hear Testimony**

You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony and please be mindful that it might take some time for us to locate the relevant portion of the transcript you are seeking.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the Court Security Officers. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### E.  Verdict Form and Return of Verdict

I have provided each of you with a verdict form. I've prepared a verdict form for you to use in guiding your deliberation. In recording your decision, please use only one verdict form to report your verdict. After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict.

I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**Court Exhibit 16**

**F.  Oath of Jurors**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice, or sympathy, solely upon the evidence in the case and the applicable law. I know that you will do this, and in so doing you will reach a just and true verdict.

## G.  Cell Phones

From this point forward, during your deliberations, you are not to have your cell phones on. You must give your phone to the Court Security Officer, and they will be returned to you when you are discharged for the day and when you conclude deliberations.

**Court Exhibit 16**

## H. Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.