**Court Exhibit 34**

**JURY NOTE 9** – Court Exhibit 33

**Question:** If the evidence is somewhat convincing but not totally overwhelming, and we can reach a conclusion ONLY AFTER HESITATION, does that hesitation constitute reasonable doubt? Can you please elaborate on how we read hesitation into the definition of reasonable doubt?

**Answer:** I refer you back to page 10 of the instructions: "A reasonable doubt is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to the defendants, for it is the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the guilt of the defendant you are considering with respect to a particular offense, you must acquit that defendant of that offense. If, after fair and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt of the guilt of that defendant with respect to each and every element of a particular offense, you must convict that defendant of that offense."

**Court Exhibit 34**

**Question:** Question regarding III / F Pg. 39-40

Based on prior instructions, we understand that we must determine the state of mind of each defendant at the time of the alleged offenses. We seek clarification as to what aspect of the state of mind we are asked to determine.

[1a.] Does "knowing, willful intent to defraud" require a belief at the time of the act that the act was wrongful

-or-

[1b.] Does "knowing, willful intent to defraud" simply require a belief that the act would deceive for the purpose of obtaining money or property?

**Answer:**

1a. Yes. As I instructed you yesterday, you must determine the state of mind of the defendant you are considering at the time of the alleged offense. That determination includes whether the defendant acted willfully as it is defined in the instruction.

1b. No. I refer you back to the instructions at page 39, which separately defined "knowingly," "willfully," and "with specific intent to defraud." You must find all of these intent elements proven beyond a reasonable doubt to convict on Count Two.

**Court Exhibit 34**

**Question:** Yesterday, you said "you are being asked to evaluate the defendant's knowledge and intent at the time of the alleged offense." This was in response to a question about the definition "'willfully' means to act knowingly and purposely with wrongful purpose."

Is the "wrongful purpose" on page 39 the scheme to defraud described in Count 2 Element 1?

In the words "wrongful purpose," could you elaborate on what the word "wrong" means in this context?

**Answer:**

"Wrongful" means a bad purpose, rather than innocently, although there is no requirement that the defendants knew that their actions were illegal.